### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

**EDUARDO TORRES-DIAZ,**

                **Plaintiff,**

v.                                                     **CASE NO. 20-3099-SAC**

**REGINALD BAKER, et al.,**

                **Defendants.**

### MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Eduardo Torres-Diaz, a prisoner at the Leavenworth Detention Center (CoreCivic-Leavenworth) in Leavenworth, Kansas, brings this *pro se* civil rights action. Plaintiff proceeds *in forma pauperis*. For the reasons discussed below, Plaintiff is ordered to show cause why his Complaint should not be dismissed.

### I. Nature of the Matter before the Court

Plaintiff's Complaint (ECF No. 1) alleges the medical staff at CoreCivic failed to provide him with adequate medical care. Plaintiff states he called for a medical emergency on February 14, 2020 due to serious stomach pain. Medical staff arrived but provided no assistance. According to the Complaint, the pain was so severe that Plaintiff was taken to an outside doctor for treatment, apparently after some delay. *See* ECF No. 2, at 2 (stating the Complaint is based on the "negligence of Core Civic delay in providing plaintiff Torres-Diaz, with adequate medical treatment without delay").

1

Plaintiff names three defendants: Reginald Baker, Warden of the CoreCivic Detention Center; Claude May, Deputy Warden; and the U.S. Marshals Service.  Mr. Torres-Diaz alleges violation of his rights under the Eighth Amendment.  He seeks compensatory damages of $15,000 and punitive damages of $25,000.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of such entity to determine whether summary dismissal is appropriate.  28 U.S.C. § 1915A(a).  Additionally, with any litigant, such as Plaintiff, who is proceeding in forma pauperis, the Court has a duty to screen the complaint to determine its sufficiency.  *See* 28 U.S.C. § 1915(e)(2).  Upon completion of this screening, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true.  *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

**III. Discussion**

    **A. Failure to State a Cause of Action against Defendants**

"To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48–49 (1988) (citing *Parratt v. Taylor,* 451 U.S. 527, 535 (1981), overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330–331 (1986); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155 (1978)); *Northington v. Jackson,* 973 F.2d 1518, 1523 (10th Cir. 1992). A defendant acts "under color of state law" when he "exercise[s] power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West*, 487 U.S. at 49 (citations omitted).

Defendants Baker and May are private employees of a private corporation, CoreCivic. "In order to hold a private individual liable under § 1983 for a constitutional violation requiring state action, a plaintiff must show under *Lugar*, ... that the individual's conduct is 'fairly attributable to the State.'" *Pino v. Higgs*, 75 F.3d 1461, 1465 (10th Cir. 1996) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). Conduct is "fairly attributable to the State" if two conditions are met. First, the deprivation "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible." *Yanaki v. Iomed, Inc.*, 415 F.3d 1204, 1207–08 (10th Cir. 2005), *cert. denied* 547 U.S. 1111 (2006) (citing *Lugar*, 457 U.S. at 937). Second, the private party must have "acted together with or [ ] obtained significant aid from state officials" or engaged in conduct "otherwise chargeable to the State." *Id.* at 1208.

Plaintiff alleges no facts to support an inference that any defendant was acting under state law or in conspiracy with any state official. Plaintiff also makes no allegation that Defendants obtained significant aid from the state of Kansas or any other state or state officials, or that Defendants engaged in conduct otherwise chargeable to the state. Plaintiff references only one government agency in his Complaint—the U.S. Marshals Service, a federal, not state, agency. *See McKeighan v. Corr. Corp. of Am.*, No. 08-3173-SAC, 2008 WL 3822892, at *3 (D. Kan. 2008) (finding CCA not a "person" amenable to suit under § 1983, and CCA employees not acting under color of state law). Plaintiff provides no factual claim or support for a claim that Defendants acted under color of state law. Therefore, Plaintiff fails to state a claim for relief under 42 U.S.C. § 1983.

Nor does Plaintiff have an established cause of action against Defendants Baker or May under 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 395–97 (1971). *Bivens* held that "plaintiffs may sue federal officials in their individual capacities for damages for Fourth Amendment violations, even in the absence of an express statutory cause of action analogous to 42 U.S.C. § 1983." *Id.; Carlson v. Green,* 446 U.S. 14, 18 (1980) (recognizing a parallel cause of action for Eighth Amendment violations). However, the proper defendant to a *Bivens* action is a federal official or agent, not a private corporation or its employees. *See Correctional Services Corp. v. Malesko,* 534 U.S. 61. 71-73 (2001) (holding that *Bivens* action does not lie against a private corporation operating a halfway house under contract with the Bureau of Prisons); *Minneci v. Pollard*, 565 U.S. 118, 120-21 (2012) (refusing to imply the existence of a *Bivens* action where state tort law authorizes alternate action providing deterrence and compensation); *Peoples v. CCA Detention Centers,* 422 F.3d 1090, 1101 (10th Cir. 2005) (finding no right of action for damages under *Bivens* against employees of a

5

private prison for alleged constitutional deprivations, when alternative state causes of action for damages are available to the plaintiff.).

The Supreme Court has said that "a critical difference" between cases where *Bivens* liability applied and those where it did not was "employment status," i.e., whether the defendants were "personnel employed by the government [or] personnel employed by a private firm." *Minneci,* 565 U.S. at 126. CoreCivic is a private corporation contracting with the United States Marshals Service, a federal law enforcement agency. Defendants Baker and May are not employed by the government but are private employees of a private corporation.

The Supreme Court held in *Minneci* that the "ability of a prisoner to bring state tort law damages action[s] against private individual defendants means that the prisoner does not 'lack effective remedies.'" *Id.* at 125 (citing *Malesko*, 534 U.S. at 72). The court reasoned that "in the case of a privately employed defendant, state tort law provides an 'alternative, existing process' capable of protecting the constitutional interests at stake." *Id.* (citing *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007)). They explained that "[s]tate-law remedies and a potential *Bivens* remedy need not be perfectly congruent" and even if "state tort law may sometimes prove less generous than would a *Bivens* action," this fact is not a "sufficient basis to determine state law inadequate." *Id.* at 129 (finding that "federal law as well as state law contains limitations").

The Supreme Court also found "specific authority indicating that state law imposes general tort duties of reasonable care (including medical care) on prison employees in every one of the eight States where privately managed secure federal facilities are currently located." *Id.* at 128. "[I]n general, state tort law remedies provide roughly similar incentives for potential defendants to comply with the Eighth Amendment while also providing roughly similar compensation to victims of violations." *Id.* at 130. Kansas is another state whose law reflects the "general

principles of tort law" recognized in *Minneci* and set forth in the (Second) Restatement of Torts §§ 314A(4), 320 (1963–64). *See Camp v. Richardson*, No. 11-3128-SAC, 2014 WL 958741, at n.12 (D. Kan. 2014) (citing *Estate of Belden v. Brown Cty.*, 261 P.3d 943 (Kan. App. 2011) (setting forth remedies available in Kansas)).

Likewise, the Tenth Circuit has stated that "the presence of an alternative cause of action against individual defendants provides sufficient redress such that a *Bivens* cause of action need not be implied." *Crosby v. Martin*, 502 F. App'x 733, 735 (10th Cir. 2012) (unpublished) (citing *Peoples*, 422 F.3d at 1102). The Tenth Circuit found that where a plaintiff "has an alternative cause of action against the defendants pursuant to Kansas state law, he is precluded from asserting a *Bivens* action against the defendants in their individual capacities," and he is "barred by sovereign immunity from asserting a *Bivens* action against the defendants in their official capacities." *Crosby*, 502 F. App'x at 735 (citing *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001) (finding that an official-capacity claim "contradicts the very nature of a *Bivens* action. There is no such animal as a *Bivens* suit against a public official tortfeasor in his or her official capacity.")).

Plaintiff's remedy, if any, against employees of CoreCivic, such as Defendants Baker and May, is an action in state court for negligence or other misconduct. *See Harris v. Corr. Corp. of Am. Leavenworth Det. Ctr.*, No. 16-3068-SAC-DJW, 2016 WL 6164208, at *3 (stating that plaintiff has remedies for injunctive relief in state court and citing *Peoples*, 422 F.3d at 1104–05 (individual CCA defendants owed a duty to protect to plaintiff that if breached, would impose negligence liability)); *Lindsey*, 557 F. Supp. 2d at 1225 (Kansas law generally provides an inmate with a remedy against CCA employees for negligence and for actions amounting to violations of federal constitutional rights); *see also Menteer v. Applebee*, 2008 WL 2649504, at *8–9 (D. Kan. June 27, 2008) (plaintiff's state law negligence claim found to be equally effective, alternative

cause of action to *Bivens* claim).  In addition, "[i]n Kansas, a prisoner may attack the terms and conditions of his or her confinement as being unconstitutional through a petition filed under K.S.A. 60-1501."  *Harris*, 2016 WL 6164208, at *3 (citing *Jamerson v. Heimgartner*, 326 P.3d 1091, at *1 (Kan. App. June 20, 2014) (unpublished)).  Because Plaintiff has an alternative cause of action against the CoreCivic Defendants pursuant to Kansas state law, he is precluded from asserting a *Bivens* action in federal court against these defendants.

Plaintiff also names the U.S. Marshals Service as a defendant.  "[A] *Bivens* claim can be brought only against federal officials in their individual capacities" and cannot be asserted directly against the United States, federal agencies, or federal officials acting in their official capacities. *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009) (citing *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001) and *F.D.I.C. v. Meyer*, 510 U.S. 471, 485–86 (1994)).

Plaintiff has asserted no claims against individual federal employees acting in their individual capacities.  Plaintiff makes no allegations concerning individual federal defendants to provide the necessary direct, personal participation required to establish *Bivens* liability.  *See Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1214 (10th Cir. 2003), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) (finding direct, personal participation of individual defendants is required to establish *Bivens* liability); *Menteer*, 196 F. App'x at 627 (affirming dismissal of "*Bivens* claim against U.S. Attorney General and U.S. Marshal in their individual capacities for failure to allege personal participation or actual knowledge and acquiescence") (citing *Woodward v. City of Worland*, 977 F.2d 1392, 1400 (10th Cir. 1992)).  Consequently, Plaintiff's claim against the U.S. Marshals Service is subject to dismissal.

Plaintiff will be given time to show cause why this action should not be dismissed for failure to present a cause of action against Defendants under either § 1983 or § 1331 and *Bivens.*

### B. Other Deficiencies with the Complaint

Even if Plaintiff were not precluded from proceeding against these defendants in federal court, there are other problems with his Complaint. For instance, Plaintiff has not alleged that Defendants Baker or May personally participated in the alleged wrongful conduct. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). As a result, a plaintiff is required to name each defendant not only in the caption of the Complaint, but again in the body of the Complaint and to include in the body a description of the acts taken by each defendant that violated the plaintiff's federal constitutional rights.

An official's liability may not be predicated solely upon a theory of respondeat superior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008); *Gagan v. Norton*, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995). To be held liable under § 1983 or *Bivens*, a supervisor must have personally participated in the complained-of constitutional deprivation. *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988). "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). Because Plaintiff has not alleged the personal participation of Defendants Baker or May, they are subject to dismissal from this lawsuit.

Also, the Complaint fails to state a constitutional claim. Plaintiff claims violation of his rights under the Eighth Amendment. The United States Supreme Court has held that an inmate advancing a claim of cruel and unusual punishment based on inadequate provision of medical care must establish "deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). The "deliberate indifference" standard has two components: "an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that [prison] officials act with a sufficiently culpable state of mind." *Miller v. Glanz,* 948 F.2d 1562, 1569 (10th Cir. 1991); *Martinez v. Garden,* 430 F.3d 1302, 1304 (10th Cir. 2005).

Rather than claiming deliberate indifference, Plaintiff repeatedly alleges the CoreCivic medical staff acted negligently. It is well-settled that deliberate indifference requires more than mere negligence. *See Farmer v. Brennan,* 511 U.S. 825, 835 (1994). Thus, the complaint that a physician, or other medical staff member, was negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. *Estelle,* 429 U.S. at 106; *Wilson v. Seiter,* 501 U.S. 294, 297 (1991). As the United States Supreme Court has explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind...." Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.

*Estelle,* 429 U.S. at 105–106 (footnote omitted).

In addition, Plaintiff's claim is based on a delay in receiving medical treatment. Delay in providing medical care does not violate the Eighth Amendment unless there has been deliberate indifference resulting in substantial harm. *Olson v. Stotts*, 9 F.3d 1475 (10th Cir. 1993). In situations where treatment was delayed rather than denied altogether, the Tenth Circuit requires a showing that the inmate suffered "substantial harm" as a result of the delay. *Garrett v. Stratman*,

10

254 F.3d 946, 950 (10th Cir. 2001); *Kikumura v. Osagie*, 461 F.3d 1269, 1292 (10th Cir. 2006). Here, Plaintiff has not alleged any substantial harm as a result of the delay in receiving medical care.

## IV. Response Required

For the reasons stated herein, it appears that Plaintiff's Complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. Plaintiff is therefore required to show good cause why his Complaint should not be dismissed. Plaintiff is warned that his failure to file a timely response may result in the Complaint being dismissed for the reasons stated herein without further notice.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **November 30, 2020**, in which to show good cause, in writing, why his Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED.**

**DATED: This 30th day of October, 2020, at Topeka, Kansas.**

        **s/ Sam A. Crow**
        **SAM A. CROW**
        **U.S. Senior District Judge**